IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARK D. RENICK                                                              PLAINTIFF

V.                                                                          CIVIL ACTION NO.
                                                                            3:07-CV-68-D-A

NATIONAL AUDUBON
SOCIETY, INC.                                                               DEFENDANT

ORDER

This matter is before the court to address the motions *in limine* filed by the plaintiff and defendant. After considering the motions, the court finds as follows:

1. Defendant's Motion *in limine*

The defendant National Audubon Society, Inc. has asked that the court exclude certain testimony of the plaintiff's expert, Dr. Ron Butterfield [docket no. 53] on grounds that Dr. Butterfield does not have personal knowledge of the matter nor should he be allowed to testify as an expert as he was not disclosed as an expert by the plaintiff.

The plaintiff offers that Dr. Butterfield has extensive experience as a grant writer, understands how grant funds could be used and believes that if the funds were used as requested by Madge Lindsay the use would be in violation of the grant and the law. Docket no. 57, p.1. In addition, Dr. Butterfield was an author of the 21st Century Grant obtained by the defendant. Finally, the plaintiff contends that barring Dr. Butterfield's testimony would be prejudicial to the plaintiff because, Dr. Butterfield's testimony is not in the nature of an expert, but that of a layman who has particular knowledge of these types of grants. Docket no. 57. p. 2.

Rule 602 of the Federal Rules of Evidence preclude a witness from testifying to a matter unless there is sufficient evidence to demonstrate that the witness has personal knowledge of the

matter. The defendant presented Dr. Butterfield's deposition testimony demonstrating that Dr. Butterfield has no personal knowledge of alleged illegal activity by Lindsay. *See* Docket no. 53, Exhibit A, p. 55. For example, Dr. Butterfield had no firsthand knowledge, such as by reviewing receipts, reimbursement forms or reconciliation of expenses, of how the money was spent. *See* Docket no. 53, Exhibit A, p. 54. Dr. Butterfield himself testified that he no firsthand knowledge of how anything was spent. *See* Docket no. 53, Exhibit A, p. 65. In accordance with Rule 602, Dr. Butterfield may not testify to matters of which he has no personal knowledge.

Rule 701 allows a lay witness to proffer opinions that are (a) rationally based on the perception of the witness, (b) helpful to form a clear understanding of a witness's testimony or the determination of a fact, and (c) not based on scientific, technical or specialized knowledge. Although a layperson can express an opinion that is usually reserved for matters more appropriate for expert testimony, two requirements must be met in order to allow such testimony: he must have personal knowledge of the facts underlying the opinion, and the opinion must have a rational connection to those facts. *Mississippi Chemical Corporation v. Dresser-Rand Company*, 287 F.3d 359, 373 (5th Cir. 2002) (internal citations omitted). Because Dr. Butterfield has no personal knowledge of how the 21st Century Grant money was spent nor of Madge Lindsay's conduct, he cannot meet the first requirement, which precludes him from testifying as a layperson.

Further, Dr. Butterfield's proposed testimony based on his specialized knowledge as an author of over 250 grants and his "particular knowledge of these types of grants"[1] qualifies him

---

[1] Plaintiff's statement found in his response to the defendant's motion *in limine*. Docket no. 57, p. 2.

as an expert, not as a layman. The plaintiff stated that Dr. Butterfield will be testifying based upon his experience as a grant writer and particular knowledge of these types of grants, which demonstrates to the court that Dr. Butterfield would be testifying as an expert, not as a layperson because he will be relying on specialized knowledge obtained through his professional experience. Because the plaintiff did not disclose Dr. Butterfield as an expert in accordance Rule 26(2) of the Federal Rules of Civil Procedure, he is also precluded from using him as an expert at trial. *See* Fed. R. Civ. P. 37(c)(1)

2. Defendant's *motion in limine* regarding plaintiff's employment with Simplot

The plaintiff requests the court to prohibit the defendant from eliciting testimony from the plaintiff regarding his employment with Simplot after he was terminated by the defendant [Docket no. 56]. The plaintiff was terminated from his position at Simplot at some point following the date of his deposition. The plaintiff contends that allowing such testimony "far outweighs any probative value." Docket no. 56, p.1. The plaintiff does not provide any specific reasons that testimony regarding his subsequent employment would prejudice him, nor does he provide any legal authority regarding exclusion of such testimony in similar employment related actions.

Moreover, the plaintiff testified in his deposition about his employment at Simplot, including his salary and that he had encountered no problems during his employment there. Docket no. 59, p. 2. The defendant later discovered that the plaintiff had been accused of making racially inappropriate comments during his employment with Simplot a few weeks before he was deposed and was later terminated by Simplot. Docket no. 59, p.2.

Testimony regarding the plaintiff's subsequent employment history and salary is clearly
3

relevant to the issue of damages. In addition, the contradiction of plaintiff's testimony reflects upon plaintiff's credibility. The court finds that the defendant should be allowed to present evidence to rebut the plaintiff's testimony that he had no problems with respect to his employment at Simplot. However, defendant may only elicit testimony which would establish that, contrary to plaintiff's prior testimony, he had encountered charges of inappropriate conduct while employed at Simplot – not what the inappropriate conduct was – and that he was later terminated from that employment. The court finds that introduction of such evidence of similar acts would be more prejudicial than probative and therefore declines to allow introduction of the evidence for that purpose.

3. Plaintiff's motion *in limine* regarding plaintiff's job search after his termination.

The plaintiff requests the court prohibit the defendant from eliciting any testimony regarding the plaintiff's job applications or job searches that occurred after his termination from the defendant's employ [docket no. 58]. The plaintiff contends that the prejudice of allowing such information outweighs the probative value of the testimony.

A party injured in a tort action has an affirmative duty to mitigate his damages. *See Flight Line, Inc. V. Tanksley*, 608 So.2d 1149, 1162 (Miss. 1992). In this matter, the injury complained of was the plaintiff's loss of employment. Thus, evidence of the plaintiff's job applications and search for employment after he was terminated by the defendant is clearly relevant to the issue of damages and the plaintiff's duty to mitigate any damages. Moreover, defendant represents that plaintiff supplied incorrect or false information, or information which conflicts with his testimony about his subsequent employment history, in those applications. Certainly any information which would tend to impeach plaintiff's claims for lost wages during

4

this period would be relevant to assessment of damages in addition to reflective of his veracity. Further, the plaintiff has failed to specifically demonstrate how the probative value of his evidence of his job applications and or job search is outweighed by the prejudice of allowing such information. For these reasons the court must deny the motion .

Accordingly, it is ORDERED

That the defendant's motion to exclude the testimony of Dr. Ron Butterfield [docket no. 53] is GRANTED;

The plaintiff's motion *in limine* to exclude testimony of his employment at Simplot [docket no. 56] is GRANTED IN PART AND DENIED IN PART as detailed above;

The plaintiff's motion *in limine* to exclude testimony of his job applications and or job search subsequent to his termination from his employment with the defendant [docket no. 58] is DENIED

This the 6th day of January, 2009.

    /s/ S. ALLAN ALEXANDER

U.S. MAGISTRATE JUDGE